UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEETOGROUP, LLC; TIBRIO, LLC,<br><br>          Plaintiffs,<br><br>v.<br><br>NICHOLAS FIORENTINO, an individual; SABIHA TUDESCO, an individual; INTERNET THINGS, LLC; SIMPLY SWEEPS, LLC; CREDIREADY, LLC; TWO MINUTE MEDIA TOPICS, LLC; and DOES 1-100, inclusive,<br><br>          Defendants. | Case No.: 19-CV-458 JLS (NLS)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTIONS TO SEAL;**<br>**(2) DENYING AS MOOT DEFENDANTS' MOTION TO SEAL EVIDENTIARY OBJECTIONS; AND**<br>**(3) CONDITIONALLY GRANTING DEFENDANTS' MOTION TO SEAL COMPUTER SOURCE CODE**<br><br>(ECF Nos. 11, 14, 15, 20, 24) |

Presently before the Court is Plaintiffs' Motions to File Documents Under Seal (ECF Nos. 11, 20). Defendants filed an Opposition to Plaintiffs' Motions (ECF No. 26). Also before the Court is Defendants' Motions to File Documents Under Seal (ECF Nos. 14, 15, 24). After reviewing each motion filed by the Parties, the Court rules as follows.

**I. Plaintiffs' Motions (ECF Nos. 11, 20)**

Plaintiffs seek to file under seal:

1. Memorandum of Points and Authorities in Support of Temporary Restraining Order and Preliminary Injunction (ECF No. 13).

1

2. Declaration of Stephan Goss in Support of Temporary Restraining Order and Preliminary Injunction (ECF No.13-1).

3. Declaration of Shayne Caldwell in Support of Temporary Restraining Order and Preliminary Injunction (ECF No. 13-2).

4. Memorandum of Points and Authorities in Reply to Defendants' Opposition to Temporary Restraining Order and Preliminary Injunction (ECF No. 21).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "[G]eneralized information is not likely to meet" the standard necessary for sealing, and therefore a party "must avoid this general information when applying its redactions to" the documents requested. *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS (MDD), 2017 WL 5001287, at *5 (S.D. Cal. Nov. 2, 2017) (collecting cases).

In their Motion, Plaintiffs seek to seal the entirety of all of the documents requested. The Court finds it is plausible there is information in one or more of the above documents that warrants sealing. But the documents also contain generalized information which fails to meet the standard for sealing. Plaintiffs have therefore failed to present good cause as to why the Court should seal the documents in their entirety.[1] Thus, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motions (ECF Nos. 11, 20). *See Obesity Research Inst., LLC v. Fiber Research Int'l*, No. 15-cv-595-BAS (MDD), 2017 WL 3269211, at *2 (S.D. Cal. July 31, 2017) (holding the same). Plaintiffs' revised Motion must specify portions of the documents that present good cause for sealing. Plaintiffs must file any exhibits they wish to seal in their entirety as individual attachments.

///

///

---

[1] At the May 2, 2019 hearing for Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiffs stated that they in fact seek only to file under seal Exhibit A to their Motion. That request, however, is not properly before the Court.

## II. Defendants' Motions (ECF Nos. 14, 15, 24)[2]

Defendants seek to file under seal:

1. Defendants' Evidentiary Objections to the Declaration of Stephan Goss (ECF No. 16).
2. Exhibit A to the Declaration of Mike Everhart in Opposition to Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 17-4).

Regarding Defendants' request to seal their Evidentiary Objections, the Court notes that Defendants filed a Notice of Withdrawal requesting the Court withdraw Docket Number 16 from consideration. (ECF No. 23.) Defendants made this request because Counsel for Defendants "inadvertently filed an exhibit which included the Declaration of Stephan Goss which was originally filed under seal." *Id.* The Court thereafter issued an Order striking Document 16 in its entirety. (ECF No. 28.) The Court therefore **DENIES AS MOOT** Defendants' Motion to Seal its Evidentiary Objections. (ECF No. 24.)

As for Defendants' Motion to File Under Seal Computer Source Code, (ECF No. 15), the Court finds that good cause exists to file Exhibit A to the Everhart Declaration under seal. Defendants' request is narrowly tailored to protect only information that is confidential and proprietary. Defendants have attached Exhibit A to the entire Everhart Declaration, however, which contains generalized information that is not necessary to seal. In order to seal just Exhibit A, Defendants must refile the exhibit as an individual attachment. Therefore, the Court **CONDITIONALLY GRANTS** Defendants' Motion to Seal. (ECF No. 15.) Once Defendants properly refile the exhibit, the Clerk of Court **SHALL FILE** that document under seal.

///
///
///

---

[2] Defendants filed two Motions to Seal Computer Source Code. (*See* ECF Nos. 14, 15). Defendants' second Motion (ECF No. 15) amends their original Motion (ECF No. 14). Accordingly, the Court **DENIES AS MOOT** Defendants' original Motion (ECF No. 14).

### III. Conclusion

In sum, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motions to Seal (ECF Nos. 11, 20) and **GRANTS** Plaintiffs leave to amend their motions to seal. The Court **DENIES AS MOOT** Defendants' Motion to File Evidentiary Objections Under Seal (ECF No. 24) and Defendants' original Motion to File Under Seal Computer Source Code (ECF No. 14). Finally, the Court **CONDITIONALLY GRANTS** Defendants' Amended Motion to Seal Computer Source Code (ECF No. 15). Defendants' Exhibit A to the Everhart Declaration will be filed under seal after Defendants properly refile that document.

**IT IS SO ORDERED.**

Dated: May 13, 2019

Hon. Janis L. Sammartino
United States District Judge