JOEL M. SIMON, Esq. (SBN 82846)
*jms@asfgslaw.com*
LIAT COHEN, Esq. (SBN 170267)
*lc@asfgslaw.com*
ALPERSTEIN, SIMON, FARKAS, GILLIN & SCOTT, LLP
15760 Ventura Boulevard, Suite 1520
Encino, CA 91436-3026
(818) 501-3100 & Facsimile (818) 461-0559

DAN S. LEVINSON, Esq. (SBN 167659)
*dan@levinsonstocktonllp.com*
Levinson Stockton LLP
990 Highland Drive, Suite 206
Solana Beach, California 92075
(858) 810-8852 & Facsimile (858) 792-1106

Attorneys for Defendants, Nicholas Fiorentino, Sabiha Tudesco, Internet Things, LLC, Simply Sweeps, LLC, CrediReady, LLC, and Two Minute Media Topics, LLC

# UNITED STATE DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEETOGROUP, LLC; TIBRIO, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NICHOLAS FIORENTINO, an individual; SABIHA TUDESCO, an individual; INTERNET THINGS, LLC; SIMPLY SWEEPS, LLC; CREDIREADY, LLC; TWO MINUTE MEDIA TOPICS, LLC; and DOES 1-100, inclusive, <br><br> Defendants. | **CASE NO.:** 3:19-cv0458–JLS-NLS <br><br> **RESPONDING DEFENDANTS' OBJECTIONS AND POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION AND ATTORNEY FEES** |

## I. OPPOSITION TO MOTION

1. Responding Defendants, Internet Things, LP fka Internet Things, LLC ("Internet Things") and of each of the remaining entity defendants, SimplySweeps, LP fka SimplySweeps, LLC ("SimplySweeps"), CrediReady, LP fka CrediReady, LLC ("CrediReady") and Two Minute Media Topics, LP fka Two Minute Media Topics, LLC ("TMMT") each a subsidiary entity to Internet Things (collectively "Entity Defendants"), Nicholas Fiorentino, CEO of Entity Defendants ("Fiorentino") and Sabiha Tudesco, COO of Internet Things ("Tudesco), oppose Plaintiffs' Motion for Clarification and Attorney Fees ("Plaintiffs' Motion"). Plaintiffs' motion insofar as it seeks to reinterpret the court's Order Granting Preliminary Injunction date May 13, 2019 (the "Order"), is a thinly veiled attempt to reargue the Court's ruling that embraced the limitation of relief set forth in in *Retirement Group v Galante* (2009) 176 CA4th 1226

2. Specifically, the Order provides at page 13, lines 21-23, that "Defendants may continue any business relationships with customers identified in plaintiffs' trade secrets that were in existence before November 8, 2018; however Defendants may not use Plaintiffs' trade secrets to enhance these pre-existing business relationships in any way."

3. Plaintiffs' trade secrets are comprised of a list of 76 different marketing campaigns ("Plaintiffs' List"). Defendants have never made use of Plaintiffs' List. Defendants acknowledge and understand the Order precludes Defendants and anyone working for Defendants to make any use of the information as to those 76 campaigns on Plaintiffs' List. This opposition is for the purpose of demonstrating to the Court the existence of Defendants' pre-existing business relationships with 36 clients on Plaintiffs' List and that Plaintiffs' interpretation of the Order is contrary to *Galante* and applicable California law.

///

///

## II. POINTS AND AUTHORITIES IN OPPOSTION TO MOTION.

4. Defendants' Prior Business Relationships. Defendants have had prior to November, 2018, and continue to have personal business relationships with 36 persons who work for the companies on Plaintiff's List. Those personal relationships pre-existed November, 2018 as to the following persons and company relationships hereinafter described:

    a. **Net 60** [Declaration of Will Ehrich in Opposition to Motion for Clarification and Attorney Fees ("Ehrich Declaration"), ¶3, p2,l 17-27.];

    b. **Digital Branding LLC** [Declaration of Sabiha Tudesco in Opposition to Motion for Clarification and Attorney Fees ("Tudesco Declaraton"), ¶6, p1, l14 to p2, l 5.]

    c. **CMG.** [Declaration of Ari Sumon in Opposition to Motion for Clarification and Attorney Fees ("Sumon Declaration"), ¶3, pl,17 to p2,l16.];

    d. **Carefree Health Services.** [Declaration of Nicholas Fiorentino in Opposition to Motion for Clarification and Attorney Fees ("Fiorentino Declaration"), ¶3, p2, l 22-27.];

    e. **Peak Advertising.** [Tudesco Declaration, ¶7, p4, l6-17.];

    f. **KP Network LLC,** [Tudesco Declaration, ¶8, p4,l18-p5,l8; and Fiorentino Declaration, ¶5, p2, l4-6.];

    g. **Quantum 3 Marketing.** [Tudesco Declaration, ¶9, p5,l9-20.];

    h. **Arcamax.** [Tudesco Declaration, ¶10, p5,l21-p6,l11.];

    i. **Bear Network.** [Tudesco Declaration, ¶11, p6,l12-20; and Fiorentino Declaration, ¶4, l-3;]

    j. **Little Brook Media.** c6,l21-p7,l10.];

    k. **Birddog Media.** [Tudesco Declaration, ¶13, p7,l11-21.];

    l. **Crisp Marketing.** [Ehrich Declaration, ¶4, p2,l1-4.];

    m. **Puzz LLC.** [Tudesco Declaration, ¶14, p7,l26-p8,l10.];

    n. **Metrix.** [Tudesco Declaration, ¶15, p8,l11-25.];

o. **Power Source Marketing.** [Tudesco Declaration, ¶16, p8,l26-p9, l6.];

p. **SBG Media Inc.** [Tudesco Declaration, ¶17, p8,l7-23.];

q. **American Wellness.** [Tudesco Declaration, ¶18, l17-p9, l10.];

r. **Deal News.** [Tudesco Declaration, ¶19, p10,l11-16.];

s. **Flatiron Media.** [Tudesco Declaration, ¶20, p10,l17-p11,l11 and Fiorentino Declaration, ¶6, p2,l7-9.];

t. **Prizm.** [Tudesco Declaration, ¶21, p11,1-18.];

u. **Rex Direct.** [Tudesco Declaration, ¶22, p11,l19-p12,l7.];

v. **DMI Partners.** [Sumon Declaration, ¶4, p3,l17-26.];

w. **Trusted Media Group.** [Ehrich Declaration, ¶5, p2, l6-11.];

x. **Digital Media Solutions(DMS)**. [Sumon Declaration, ¶5, p3, l27 –p4,l21 and Fiorentino Declaration ¶7, p3,l10-16.];

y. **Ad Prime.** [Tudesco Declaration ¶23, p12,l8-15.];

z. **Publisher's Clearing House.** [Tudesco Declaration, ¶24, p12.l16-p13,l5.];

aa. **Tiburon Media.** [Tudesco Declaration, ¶25, p13,l6-15.];

bb. **Aramis Interactive.** [Tudesco Declaration, ¶26, p13,l16=p14,l4.];

cc. **Netspend.** [Tudesco Declaration, ¶27, p14, l5-17.];

dd. **Optimal Fusion.** [Tudesco Declaration, ¶28, p14,l18-p15,l6.];

ee. **Whatif Media.** [Tudesco Declaration, ¶29, p15,l7-24.];

ff. **Fluent**. [Tudesco Declaration, ¶30, p15,l25-p16,l21 and Fiorentino Declaration, ¶8, p3,l17-20.];

gg. **Sharecare/Quality Health.** [Tudesco Declaration, ¶31, p16,l22-p17,l8.];

hh. **Zeta Interactive.** [Tudesco Declaration, ¶32, p17,l9-24 and Ehrich Declaration, ¶6, p3, l12-13.];

| | | |
|---|---|---|
| 1 | | ii. **Frischman Enterprises.** [Tudesco Declaration, ¶33, p17,l25- |
| 2 | p18,l1.]; | |
| 3 | | jj. **Engage Logic.** [Tudesco Declaration, ¶34, p18,l2-16 and |
| 4 | Ehrich Declaration, ¶7, p3,l15-17.]; and | |
| 5 | | kk. **Ifficient.** [Tudesco Declaration, ¶35, p18,l17-p19,l8.]. |

5. Defendants submit that as to only these 36 customers it should have the right to continue business relationships without any use of Plaintiffs' List trade secret information. The Order as written is adequate and does not need modification.

### III. APPLICABLE LAW

6. Defendants are in compliance with the Order. However, as previously argued to the court and embodied in the Order are the limitations on relief set forth in *Galante*. The Order embraced *Galante* and California's strong public policy against restraints on the right of former employees to compete. There is no need for the court to "clarify" its order.

7. In *Retirement Group v Galante* (2009) 176 CA4th 1226, the trial court granted a preliminary injunction that prevented former financial advisors from using information solely and exclusively on the plaintiff's databases, but made an exception for similar information found on servers, databases, and other resources owned and operated by other entities or businesses. However, the trial court's injunction went even further, prohibiting the former financial advisors from directly or indirectly soliciting any of the plaintiff's current customers. The court of appeal overturned the solicitation portion of the preliminary injunction, finding that this aspect of the injunction violated Bus & P C §16600 and the reasoning of *Edwards v Arthur Andersen LLP* (2008) 44 C4th 937. The *Galante* decision reiterated the *Edwards* holding that noncompete clauses are unenforceable in California and that injunctions that violate the *Edwards* ruling will be overturned…"'[*Trade Secrets Practice in California*, Customer Lists, §11.93(2d ed

Cal CEB, 2018).]

## IV. ARGUMENT

### A. Plaintiffs Have Not Established A Need to Clarify the Order; Rather they Seek to Reargue The Court Order.

8. The Tudesco Declaration, Fiorentino Declaration, Sumon Declaration and Ehrich Declaration clearly establish pre-existing business relationships with the 36 above named companies. Plaintiffs have not shown Defendants have violated the Order. What Plaintiffs seek is a legally unsupported expansion of the terms of the Order that would be beyond the bounds of California law. It would be nonsensical to limit a departing employee seeking to establish a new company to be precluded from engaging in business with anyone that there were not sales made prior to leaving. That interpretation turns California law on its head.

9. <u>The Issue of Attorney Fees Should be Deferred to Trial</u>. The issue of an award of fees is not ripe at this time. The relevant portion of 18 USC 1836(b)(3)(D) provides that in a civil action (not in a preliminary injunction proceeding) "if …, the trade secret was willfully and maliciously misappropriated, award reasonable attorney's fees to the prevailing party." There has been no determination regarding whether Defendants acted in bad faith. There was admittedly an unintended misappropriation of Plaintiffs' List as the result of Defendant Fiorentino's curiosity to know Plaintiffs' big buyers. The overly gratuitous response from Mr. Iorio, although received was not acted on. Plaintiffs have yet to show one instance where Plaintiffs' List trade secret information was actually used. The issue that Plaintiffs' list was willfully and maliciously misappropriated is very much disputed. The issue of attorney fees should be deferred to trial on the issue of whether the acts were willful and malicious, per 18 USC 1836(b)(3)(D).

## V. CONCLUSION

10. Responding Defendants respectfully request that Plaintiffs' motion in

so far as it seeks clarification of the Order be denied for the reasons above stated and the issue of attorney fees be deferred until trial.

Dated: July 24, 2019

Respectfully submitted,

ALPERSTEIN, SIMON, FARKAS, GILLIN & SCOTT, LLP

 s/ Joel M. Simon
JOEL M. SIMON
Attorneys for Defendants
Email: jms@asfgslaw.com