UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEETOGROUP, LLC; TIBRIO, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NICHOLAS FIORENTINO, an individual; SABIHA TUDESCO, an individual; INTERNET THINGS, LLC; SIMPLY SWEEPS, LLC; CREDIREADY, LLC; TWO MINUTE MEDIA TOPICS, LLC; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 19-CV-458 JLS (NLS)<br><br>**ORDER (1) GRANTING PLAINTIFFS' MOTION FOR CLARIFICATION; (2) DENYING WITHOUT PREJUDICE PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES; AND (3) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR SANCTIONS**<br><br>(ECF Nos. 35, 43) |

Presently before the Court are Plaintiffs Zeetogroup, LLC and Tibrio, LLC's Motion for Clarification and Attorney's Fees ("Mot. for Clarification," ECF No. 35) and *Ex Parte* Motion for Sanctions ("Mot. for Sanctions," ECF No. 43). Also before the Court are Defendants Nicholas Fiorentino and Sabiha Tudesco (together, the "Individual Defendants"), along with Defendants Internet Things, LP fka Internet Things, LLC; SimplySweeps, LP fka SimplySweeps, LLC; CrediReady, LP fka CrediReady, LLC; and Two Minute Media Topics, LP fka Two Minute Media Topics, LLC's (together, the "Entity Defendants") Responses in Opposition to the Motions for Clarification ("Clarification

Opp'n," ECF No. 38) and for Sanctions (ECF No. 44); and Plaintiffs' Replies in Support of the Motions for Clarification (ECF No. 39) and for Sanctions (ECF No. 45). Having considered the Parties' arguments, the evidence, and the law, the Court rules as follows.

## BACKGROUND

Plaintiffs filed suit on March 8, 2019, alleging Defendants misappropriated Plaintiffs' trade secrets. *See generally* ECF No. 1 ("Compl."). Plaintiffs allege that on November 9, 2018, Defendant Nicholas Fiorentino, the founder and CEO of Internet Things, reached out to Rocky Iorio, an employee of Plaintiffs, and asked him for a "list of [Plaintiffs'] big buyers." *Id.* ¶¶ 40–45; Ex. 1 at 85. Mr. Iorio complied with this request and sent Mr. Fiorentino screen shots of Plaintiffs' proprietary platform listing around eighty of Plaintiffs' biggest advertising campaigns and all of the associated metrics for each campaign. *Id.* Ex. 1 at 85

Around a month later, Mr. Fiorentino hired Defendant Sabiha Tudesco, who was then Plaintiffs' Chief Revenue Officer, away from Plaintiffs. Compl. ¶ 48. Plaintiffs allege Ms. Tudesco was familiar with the list sent by Mr. Iorio and knew it was Plaintiffs' property. *Id.* Plaintiffs allege that Ms. Tudesco proceeded to contact the clients on the list and recruit them to Defendant Internet Things. *Id.* Ms. Tudesco denies having seen the list until after the litigation had commenced. Declaration of Sabiha Tudesco ¶ 20, ECF No. 17-3.

After learning about the misappropriation of the list, Plaintiffs filed suit and, shortly after, filed a motion for temporary restraining order and preliminary injunction. ECF No. 12. Specifically, Plaintiffs asked the Court to enjoin Defendants "from using any of the information [contained in the trade secrets] and . . . from contacting the advertisers disclosed by Mr. Iorio." *Id.* at 6. The Court granted the motion in its May 13, 2019 Order and entered the following preliminary injunction (the "Injunction"):

> **IT IS ORDERED** that, pending further order of the Court, Defendants are **ENJOINED** from divulging, using, disclosing, or making available to any third person or entity Plaintiffs' trade secrets or using Plaintiffs' trade secrets for the purpose of

> directly or indirectly competing with Plaintiffs. Defendants are further prohibited from soliciting any business from customers identified by Plaintiffs' trade secrets. Defendants may continue any business relationships with customers identified in Plaintiffs' trade secrets that were in existence before November 9, 2018; however, Defendants may not use Plaintiffs' trade secrets to enhance these pre-existing business relationships in any way.

ECF No. 30 ("Prior Order") at 13.

After the Court entered the Injunction, Plaintiffs' filed their Motion for Clarification. *See* ECF No. 35. In that Motion, Plaintiffs also requested attorney's fees. *Id.* Before the Court had an opportunity to rule on that Motion, Plaintiffs filed their *Ex Parte* Motion for Sanctions. *See* ECF No. 43.

## DISCUSSION

### I. Motion for Clarification

Plaintiffs contend that clarification of the Injunction is necessary because the Parties dispute the scope and applicability of the Injunction. Mot. for Clarification at 4. Plaintiffs request the Court answer four questions with regard to the scope of the Injunction: "(1) does the prohibitory language [in the Injunction] bar Tudesco from doing business with, or expanding business with, any entity or person contained on the list on behalf of Entity Defendants; (2) does the prohibitory language [in the Injunction] bar Fiorentino from doing business with, or expanding business with, any entity or person contained on the list on behalf of Entity Defendants; (3) does 'business relationship' mean a financial transaction . . . ; and (4) does 'use Plaintiffs' trade secrets to enhance' mean using the campaigns and metrics identified to grow revenue?" *Id.* at 7.

Defendants argue that Plaintiffs' request is merely an attempt to expand the terms of the Injunction. Clarification Opp'n at 6. Defendants contend that they are in compliance with the Injunction and that no clarification is necessary and, therefore, the Court should deny the Motion for Clarification. *Id.* at 5.

///

Based on the briefing, it is clear to the Court that the Parties have different understandings of the scope of the Injunction. Thus, clarification is necessary. Accordingly, the Court **GRANTS** Plaintiffs' Motion for Clarification and will address the questions raised by Plaintiffs.

### A. The Meaning of "Business Relationship"

The Court first addresses the meaning of the following sentence in the Injunction: "Defendants may continue any business relationships with customers identified in Plaintiffs' trade secrets that were in existence before November 9, 2018." Specifically, the Court clarifies the meaning of "business relationship[.]"

For purposes of the Injunction, the business relationship necessary to continue work with customers identified in the Plaintiffs' trade secret list is the same type of business relationship necessary to sustain a claim for intentional interference with prospective economic advantage under California law. The business or economic relationship must have been existing as of November 9, 2018, though it is not necessary for the relationship to have been a contractual one. *See Am. Student Fin. Grp., Inc. v. Aequitas Capital Mgmt., Inc.*, No. 12-CV-2446-CAB (JMA), 2014 WL 12165418, at *9 (S.D. Cal. Apr. 24, 2014) (citing *Roth v. Rhodes*, 25 Cal. App. 4th 530, 546 (1994)). If a contract did exist between Defendants and a customer at any time prior to November 9, 2018, that will serve as proof of a business relationship that may continue. *See Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 521 (1996). In the absence of a contractual relationship, Defendants must show proof that it was "reasonably probable" that the business relationship would lead to "future economic benefit" to the Entity Defendants. *See id.* (citing *Youst v. Longo*, 43 Cal. 3d 64, 71 (1987)).

### B. Applicability of the Injunction to Individual Defendants

Next, the Court addresses whether the Injunction applies to the Individual Defendants specifically. In the Injunction, the Court enjoined all Defendants from using Plaintiffs' trade secrets, including the Individual Defendants. *See* Prior Order at 13. After reviewing the May 13, 2019 Order, the moving papers, and the evidence, the Court now

concludes that the Injunction should not apply to Ms. Tudesco in her individual capacity. The Court does not change its previous decision, however, that the Injunction applies to Mr. Fiorentino in his individual capacity.

Regarding Ms. Tudesoco, the Court now finds that Plaintiffs have not shown a likelihood of success on the merits regarding the claim for misappropriation of trade secrets as to her. To state a claim for misappropriation of trade secrets, Plaintiffs must show "(1) the existence and ownership of a trade secret, and (2) misappropriation of the trade secret." *Sun Distrib. Co., LLC v. Corbett*, No. 18-CV-2231-BAS-BGS, 2018 WL 4951966, at *3 (S.D. Cal. Oct. 12, 2018). The Court concludes Plaintiffs have not pled plausibly that Ms. Tudesco misappropriated Plaintiffs' trade secrets. There is no allegation that Ms. Tudesco participated in the alleged misappropriation of the list that occurred on November 9, 2018. *See generally* Compl. Plaintiffs state, with no supporting evidence, that Ms. Tudesco used the list once she joined the Entity Defendants. Compl. ¶ 48. Without any evidence supporting their assertion, the Court concludes that the misappropriation of trade secrets claim against Ms. Tudesco is unlikely to succeed on the merits.

As for Mr. Fiorentino, the Court finds no reason to depart from its previous ruling that the Injunction applies to him in his individual capacity, in addition to his role as an agent of the Entity Defendants. *See* Prior Order at 13. Mr. Fiorentino has been sued in his individual capacity and was the instigator of the alleged misappropriation. The Court therefore finds that the misappropriation of trade secrets claim against Mr. Fiorentino is likely to succeed on the merits.

Although the Injunction does not enjoin Ms. Tudesco from soliciting the businesses named in Plaintiffs' trade secrets list when done in her individual capacity, as an agent of the Entity Defendants, Ms. Tudesco is bound by the terms of the Injunction to the same extent as the Entity Defendants. See Fed. R. Civ. P. 65(2)(B) ("The [preliminary injunction] order binds only the following who receive actual notice of it by personal service or otherwise: . . . the parties' officers, agents, servants, employees, and attorneys.")

To that end, the relevant business relationships are only those of the Entity Defendants and Mr. Fiorentino, not any business relationships that Ms. Tudesco may have had prior to her employment with the Entity Defendants. This does not impede Ms. Tudesco's right to compete with Plaintiffs. By choosing to work for a company whose CEO misappropriated trade secrets, however, she is bound by the conditions of the Injunction, so long as she acts as its agent. A company cannot skirt the conditions of an injunction imposed on them by hiring new employees and arguing that the injunction imposes restraints on those employees right to compete.

### C. *The Meaning of "Use Plaintiffs' Trade Secrets to Enhance"*

Plaintiffs ask the Court to clarify the meaning of "Defendants may not use Plaintiffs' trade secrets to enhance these pre-existing business relationships in any way." Mot. for Clarification at 7. Here, the Court clarifies that the sentence means Defendants may not use the campaigns and metrics identified in the list of trade secrets to grow existing business relationships. The revenue generated by existing relationships may grow, but that growth may not be the result of using Plaintiffs' trade secrets.

## II. Request for Attorney's Fees

In addition to asking for clarification, Plaintiffs also request the Court award attorney's fees. Mot. for Clarification at 7. Under the Defend Trade Secrets Act, a court may, "if a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated, award reasonable attorney's fees to the prevailing party." 18 U.S.C. § 1836(b)(2)(D). Plaintiffs allege that Defendants "willfully misappropriated trade secrets" and "ma[de] a bad faith effort to oppose the preliminary injunction," entitling them to attorney's fees. Mot. for Clarification at 7. Plaintiffs, however, are not yet the prevailing party for purposes of the statute. While Plaintiffs prevailed on their motion for a preliminary injunction, "prevailing party status ordinarily requires being ahead when the final whistle blows in a case, not at halftime." *Dunster Live, LLC v. LoneStar Logos Mgmt. Co., LLC*, 908 F.3d 948, 953 (5th Cir. 2018). Until there is a "final score in this federal lawsuit, the Defend Trade Secrets Act does not

allow attorney's fees." *Id.* Plaintiffs' request is therefore **DENIED WITHOUT PREJUDICE**.

### III. Motion for Sanctions

Turning to Plaintiffs Motion for Sanctions, Plaintiffs contend that Defendants have violated the Injunction by soliciting new clients using Plaintiffs' trade secrets. Mot. for Sanctions at 4. Plaintiffs ask the Court to impose "monetary sanctions," find Defendants "in contempt of court," and prohibit Defendants "from conducting any further business before this case is concluded." *Id.* at 3. Because the Court has now clarified the scope of the Injunction, the Court will allow Defendants time to evaluate this Order to determine whether they are in violation of the Injunction and, if so, to bring themselves into compliance. For this reason, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Sanctions (ECF No. 43).

### CONCLUSION

Based on the foregoing, the Court:

1. **GRANTS** Plaintiffs' Motion for Clarification (ECF No. 35) and clarifies the Injunction as stated above, *see supra* Sections I.A–C;

2. **DENIES WITHOUT PREJUDICE** Plaintiffs' request for Attorney's Fees; and,

3. **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Sanctions (ECF No. 43). The Court **GRANTS** Defendants <u>forty-five days</u> from the electronic docketing of this Order to bring themselves into compliance with the terms of the Injunction based on the additional clarification in this Order. If disagreements remain about Defendants' compliance with the Injunction at that time, the Parties must **MEET AND CONFER** to discuss what issues are still outstanding and possible solutions, other than motion practice,

///
///
///
///

to resolve those issues.  Should the issues persist following such meet-and-confer efforts, Plaintiffs may renew their motion for sanctions and fees.

**IT IS SO ORDERED.**

Dated:  February 24, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge